UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAKISHA BELL, individually, and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>ONLINE INFORMATION SERVICES, INC.,<br><br>Defendant. | Case No.:<br><br><br>CLASS ACTION COMPLAINT<br>AND DEMAND FOR JURY TRIAL |

Plaintiff, Sakisha Bell (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a resident of West Orange, New Jersey and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Online Information Services, Inc. ("Defendant") is a corporation doing business in the State of New Jersey, with its corporate address as 685 W. Fire Tower Road, Winterville, North

Carolina 28590, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. On a date better known by Defendant, Plaintiff incurred medical debt from Imaging Consultants Essex for primarily personal, family, and household purposes.

7. In a letter dated September 5, 2018, Defendant sent an initial dunning letter to Plaintiff in an attempt to collect said debt, attached hereto as Exhibit A.

8. The dunning later states:

    Unless you dispute the validity of this debt, or any portion thereof, within 30 days after receiving this notice, this office will assume the debt is valid. If you notify this office in writing within 30 days of receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and mail you a copy such judgment or verification. Upon your written request within the 30 day period, this office will provide you with the name and address if the original creditor, if different from the current creditor.

9. Upon reading the letter, the least sophisticated consumer would not know that the dispute must be in writing, as mandated by the Third Circuit. *See Graziano v. Harrision*, 950 F.2d 107 (3d Cir. 1991).

10. Specifically, the use of the word "If" in the mandatory validation notice conveys to the consumer that the notification in writing is optional. The consumer may believe that he or she may dispute the debt orally. *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. 17-7472, 2017 U.S. Dist. LEXIS 210870 (D.N.J. Dec. 21, 2017); *Poplin v. Chase Receivables, Inc.*, No. 18-404 (D.N.J. Sept. 26, 2018).

11. Additionally, the phrase "Unless you dispute the validity of this debt, or any portion thereof, within 30 days after receiving this notice, this office will assume the debt is valid" fails to clarify that this dispute must be in writing.

12. Reading the first and second sentence of the validation notice leaves the consumer with multiple interpretations. Under one interpretation, the consumer will believe that if he or she disputes the debt orally or in writing, the debt will not be presumed valid. Further, only if the dispute is made in writing will the debt collector be required to obtain verification of the debt. But this is not the case. In the Third Circuit, all disputes must be made in writing to have legal effect under Section g of the FDCPA.

13. Merely quoting the statutory language does not adequately inform the consumer of his or her rights, let alone the nuances involved in exercising such rights. *See* Wilson, 255 F.3d at 254; *see also* McMurray *v.* ProCollect, Inc., 687 F.3d 665, 668 (5th Cir. 2012) ("Merely including the required notice in letters to consumers is not sufficient. The notice must also 'be set forth in a form and within a context that does not distort of obfuscate its meaning.'") (citation omitted).

14. As such, Defendant's letter is false, deceptive, and misleading in violation of § 1692e and fails to sufficiently inform the least sophisticated consumer of his or her rights under §1692g.

## CLASS ACTION ALLEGATIONS

### The Class

15. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

16. The class is defined as follows:

> **All consumers with a New Jersey address that have received the same form letter as Exhibit A from Defendant concerning debts for Imaging Consultants**

**Essex used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

17. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

18. Upon information and belief, Defendant has sent collection letters in an attempt to collect a debt to hundreds if not thousands of consumers throughout New Jersey, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

19. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

20. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) Whether Defendant violated the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief; and, (v) Whether Defendant's conduct was willful.

### Typicality

21. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

22. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

### Proceeding Via Class Action is Superior and Advisable

23. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

24. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

25. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

26. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

27. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

28. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 *et seq***

29. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

30. Defendant's collection letter violates the following provisions of the FDCPA:

31. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> > **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…**

32. Section 1692g provides:

> **§ 1692g. Validation of Debts**
>
> **(a) Notice of debt; Content.** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> **(1) the amount of the debt;**
>
> **(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; ; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

WHEREFORE, Plaintiff, Sakisha Bell, respectfully requests that this Court do the following for the benefit of Plaintiff:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for actual and statutory damages pursuant to the FDCPA;

C. Award costs and reasonable attorneys' fees;

D. Grant such other and further relief as may be just and proper.

### JURY TRIAL DEMAND

33. Plaintiff demands a jury trial on all issues so triable.

Dated this 31st day of December, 2018.

Respectfully Submitted,

/s/ Daniel Zemel, Esq.
Daniel Zemel, Esq.
Nicholas Linker, Esq.
Zemel Law LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013

7

T:  862-227-3106
F:  973-282-8603
dz@zemellawllc.com
*Attorneys for Plaintiff*